**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| **Time Bank, an Illinois corporation,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.** |
| ) | |
| **v.** ) | |
| ) | |
| **Joshua J. Jeffers, an individual, and J.** ) | |
| **Jeffers & Co., LLC, a Wisconsin limited** ) | |
| **liability company,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

Plaintiff Time Bank ("Time Bank") for its Complaint against Defendants J. Jeffers & Co., LLC ("Jeffers & Co. LLC") and Joshua J. Jeffers ("Jeffers") (collectively, "Defendants"), states as follows:

## PARTIES AND VENUE

1. Time Bank is an Illinois corporation whose principal place of business is in Park Ridge, Illinois. Time Bank is the successor-in-interest to Northwest Bank & Trust Company and is the current holder of the loan documents at issue in this matter.

2. Defendant Jeffers & Co. LLC is a Wisconsin limited liability company whose principal place of business is in Milwaukee, Wisconsin. On information and belief, all members of Jeffers & Co. LLC are citizens of Wisconsin.

3. Defendant Jeffers is an individual resident of Wisconsin.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as Time Bank has its principal places of business in a state diverse from that of both Defendants. The amount in controversy exceeds $75,000.

1

5. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Time Bank's claims occurred in this District.

## FACTUAL ALLEGATIONS

6. On or about March 31, 2021, Northwest Bank & Trust Company, predecessor-in-interest to Time Bank, entered into a Business Loan Agreement (the "Agreement") with Jeffers & Co. LLC in connection with a loan to Jeffers & Co. LLC in the principal amount of $4,478,000.00 (the "Loan"). A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

7. Jeffers is listed as the sole guarantor under the Agreement. (Ex. 1 p. 3.)

8. Contemporaneously with the execution of the Agreement, Jeffers executed a Commercial Guaranty (the "Commercial Guaranty"), pursuant to which he guaranteed the obligations of Jeffers & Co. LLC under the Agreement. A true and correct copy of the Commercial Guaranty is attached hereto as **Exhibit 2**.

9. The Commercial Guaranty states that:

> [Jeffers] *absolutely and unconditionally guarantees full and punctual payment* and satisfaction of the Indebtedness of [Jeffers & Co. LLC] to [Time Bank], and the performance and discharge of all [Jeffers & Co. LLC's] obligations under the Note and the Related Documents. This is a guaranty of payment and performance and not of collection, *so [Time Bank] can enforce this Guaranty against [Jeffers] even when [Time Bank] has not exhausted [Time Bank's] remedies* against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness . . . Under this Guaranty, [Jeffers's] liability is unlimited and [Jeffers's] obligations are continuing.

(Ex. 2 p. 1 (emphasis added).)

10. The Commercial Guaranty is a "continuing guaranty" pursuant to which Jeffers agreed to "guarantee the full and punctual payment, performance and satisfaction of the

2

indebtedness of [Jeffers & Co. LLC] to [Time Bank], now existing or hereafter arising or acquired, on an open and continuing basis." (*Id.*)

11. Additionally, on or about March 31, 2021, Jeffers & Co. LLC executed a Promissory Note promising to pay Time Bank the entire principal amount, plus interest, under the Agreement. A true and correct copy of the Promissory Note is attached hereto as **Exhibit 3**.

12. The Promissory Note unequivocally states that the Commercial Guaranty "guaranties the payment and performance" of the debts of Jeffers & Co. LLC. (Ex. 3 pp. 2-3.)

13. The Commercial Guaranty and Promissory Note are expressly identified as "Related Documents" under the Agreement and are incorporated into, and form part of, the Agreement. (*See* Ex. 1 pp. 5, 7.)

14. The Loan matured on February 28, 2026. (*See id.* p. 1.) Time Bank did not agree to extend the maturity date beyond that date.

15. Defendants failed to pay the indebtedness due at the maturity date, which constitutes an event of default under the Agreement. (*See id.* p. 5.)

16. Time Bank sent a formal notice of default on April 10, 2026, demanding payment of the indebtedness by April 17, 2026.

17. Defendants failed to pay the indebtedness and remain in default under the Agreement.

18. In the event of default, including failure to pay the Loan on the maturity date, the Loan accrues interest at the increased default rate of 7.75%. (*See* Ex. 3 p. 1.)

19. In the event of default, Time Bank is entitled to recover all its enforcement and collection costs, including attorneys' fees. (*See* Ex. 1 p. 5; Ex. 2 p. 3; Ex. 3 p. 2.)

20. As of the date of the filing of this Complaint, the total principal due and owing under the Agreement is $3,458,461.67, which reflects the outstanding principal of $3,700,900.37 minus the $242,438.70 in the borrower's reserve account, but does not include interest, late charges, fees, costs, and expenses, which continue to accrue.

21. The Agreement expressly provides that time is of the essence. (Ex. 1 p. 6.)

22. All conditions precedent to filing this action have been performed, have occurred, or have been waived.

23. Under the loan documents, Time Bank may recover against either or both of the Defendants. (Ex. 3 p. 3.)

**COUNT I – BREACH OF CONTRACT**
**(Business Loan Agreement – Against Defendant J. Jeffers & Co., LLC)**

24. Time Bank repeats and realleges the preceding paragraphs for this Count I.

25. The Agreement attached hereto as **Exhibit 1** is a valid and enforceable contract between Time Bank and Jeffers & Co. LLC.

26. Time Bank performed all material obligations required of it under the Agreement.

27. Jeffers & Co. LLC breached the Agreement by failing to pay the indebtedness when due upon maturity on February 28, 2026, and by failing to satisfy the amounts due after demand by Time Bank.

28. As a direct and proximate result of Jeffers & Co. LLC's breach, Time Bank has been damaged in an amount of at least $3,458,461.67, plus contractual and default interest, late charges, attorneys' fees, costs, and other recoverable expenses, which continue to accrue.

**WHEREFORE**, Plaintiff Time Bank prays for judgment against Defendant J. Jeffers & Co., LLC in the amount of $3,458,461.67, plus accruing interest, late charges, attorneys' fees, costs, and any other relief this Court deems just and appropriate.

4

## COUNT II – BREACH OF CONTRACT
### (Commercial Guaranty – Against Defendant Joshua J. Jeffers)

29.    Time Bank repeats and realleges the preceding paragraphs for this Count II.

30.    The Commercial Guaranty attached hereto as **Exhibit 2** is a valid and enforceable contract between Time Bank and Jeffers.

31.    Time Bank performed all material obligations required of it under the Commercial Guaranty.

32.    Pursuant to the Commercial Guaranty, Jeffers, as the sole guarantor, absolutely and unconditionally guaranteed full payment and satisfaction of all indebtedness of Jeffers & Co. LLC under the Agreement.

33.    Time Bank made demand for payment on Jeffers under the Commercial Guaranty, and Jeffers failed to pay the indebtedness due and owing.

34.    By failing to pay the indebtedness after default and demand, Jeffers breached the Commercial Guaranty.

35.    As a direct and proximate result of Jeffers's breach, Time Bank has been damaged in an amount of at least $3,458,461.67, plus contractual and default interest, late charges, attorneys' fees, costs, and other recoverable expenses, which continue to accrue.

**WHEREFORE**, Plaintiff Time Bank prays for judgment against Defendant Joshua J. Jeffers in the amount of $3,458,461.67, plus accruing interest, late charges, attorneys' fees, costs, and any other relief this Court deems just and appropriate.

Dated: May 27, 2026

**TIME BANK**

/s/ John M. Owen
*One of its Attorneys*

John M. Owen
ARDC Number: 6313666

5

Peter M. Spingola
ARDC Number: 6243942
Attorneys for Plaintiff Time Bank
**CHAPMAN SPINGOLA, LLP**
190 S. LaSalle Street, Suite 3850
Chicago, IL 60603
Telephone: (312) 630-9202
jowen@chapmanspingola.com
pspingola@chapmanspingola.com
lcross@chapmanspingola.com

6